IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                                    :

DEVON SMITH                               :             3:13 CV 971 (JBA)
                                                                    :
v.                                                                    :
                                                                    :
LEO C. ARNONE ET AL.             :             DATE: AUGUST 25, 2015
---------------------------------------------------------x

## RULING FOLLOWING IN CAMERA REVIEW

The factual and procedural history behind this litigation has been set forth in considerable detail in this Magistrate Judge's Ruling on Motion to Enlarge/Extend Discovery and Dispositive Motions, filed July 21, 2015 (Dkt. #43)["July 2015 Ruling"].  As set forth in that ruling, on July 12, 2013, plaintiff filed his pro se complaint regarding an incident that occurred on June 2, 2010 while plaintiff was an inmate at Garner Correctional Institution ["Garner CI"], alleging as follows: a female guard, Staci Bellantoni, falsely accused plaintiff of "slapp[ing] her on [her] butt[.]" Bellantoni reported the incident to defendant Brian Boufford, a Unit Manager at Garner CI (to whom plaintiff denied the allegations); plaintiff thereafter was placed in a restricted housing unit, transferred to Northern Correctional Institution ["Northern CI"], and placed in Administrative Segregation there (denying him good time credit); and defendants did not follow the appropriate process in finding plaintiff guilty of these charges. (Dkt. #1). Plaintiff sued eleven defendants, but Bellantoni was not named as a defendant. (Id.). After deciding discovery motions, on June 9, 2015, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for discovery and a pretrial conference. (Dkt. #36). During the telephonic conference held on July 7, 2015, the Magistrate Judge agreed to review plaintiff's discovery for relevancy, and defense counsel was advised that if he wished to file a dispositive motion, he needed to file a Motion for a

Prefiling Conference, to be decided by Judge Arterton. (Dkt. #41; see also Dkts. ##37-40).

Ten days later, on July 17, 2015, plaintiff filed his Motion to Enlarge/Extend Discovery and Dispositive Motions (Dkt. #42), in which he sought to extend discovery until January 1, 2016 and dispositive motions until February 28, 2016; he also attached his Second Request for Production and Interrogatories, which included twenty-four discovery requests.  In the July 2015 Ruling, the Magistrate Judge agreed that eleven discovery requests were relevant and should be answered by defendants by August 14, 2015, namely Nos. 1-6, regarding Bellantoni's employment at Garner CI, Nos. 17, 21, and 24, regarding the video at issue here and the DOC's policies with respect to videos, and Nos. 20 and 23, regarding the DOC's actions after Bellantoni's allegations of improper touching by plaintiff.  (At 3).  Ten discovery requests concerned the personnel records of Bellantoni or of another DOC employee, namely Nos. 7-14, 18-19, for which an in camera review of all responsive documents was required on the issue of relevancy, again by August 14, 2015.  (Id.).  The July 2015 Ruling found that the remaining three discovery requests were irrelevant, namely Nos. 15-16, 22.  (Id.).  In addition, discovery was extended until August 14, 2015 and the parties were given until September 15, 2015 to file a Motion for a Prefiling Conference.  (Id. at 3-4).[1]

On August 14, 2015, defendants forwarded a copy of their Responses to Plaintiff's Second Request for Production and Interrogatories with Court Ordered In Camera Responses, answering Interrogatories Nos. 1-14, 17-21, 23-24, some of which made

---

[1] Plaintiff has filed an Objection to the July 2015 Ruling. (Dkt. #44).

2

reference to the in camera review.[2]  Sixty-eight pages were attached.[3]  After a careful in camera review, the Magistrate Judge orders that the following seventeen documents, or portions of documents, are relevant:

(1) Under Response No. 8, Bellantoni's resignation letter, dated June 3, 2011, redacting out her home address, telephone number, email address, and signature;

(2) Under Response No. 9, Administrative Investigation, #II-09-03, dated February 20, 2009 – if defendants wish, they may redact out the following items: (a) the name of the investigator at the top of page 1; (b) the name of the commanding officer in the first and third sentences of the paragraph entitled, "Historical Perspective" on page 1; (c) the second sentence in that paragraph on page 1; (d) the four paragraphs under the heading "Summary"' on pages 1-2; (e) the one paragraph under the heading "Conclusion" on page 2; and (f) section entitled "Administrative Directive 2.17 Employee Conduct" and the remaining portion of pages 3-6;

(3) Under Response No. 9, Connecticut Department of Correction Interview Statement of Staci Bellantoni, dated March 24, 2009, redacting out Bellantoni's date of birth;

(4) Under Response No. 9, single page with one paragraph beginning, "On 6-2-11 at 7:38 a.m. a follow-up incident report" – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(5) Under Response No. 9, Incident Report – Supplemental Page, dated June 2, 2011, 8:55 a.m. – if defendants wish, they may redact out Bellantoni's signature;

(6) Under Response No. 9, Incident Report – Supplemental Page, dated June 2, 2011, 9:00 a.m. (same as #4 above) – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(7) Under Response No. 9, Incident Report – Supplemental Page, dated June 2, 2011, 8:20 a.m. – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(8) Under Response No. 9, Incident Report – Supplemental Page, dated June 2, 2011, 9:30 a.m., redacting out first paragraph, and if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

---

[2]Defendants forwarded their eight page Response to plaintiff, obviously without the in camera documents.  (At 8).

[3]Unfortunately, these pages were not Bates Stamped or otherwise numbered.  There is a small amount of duplication in these records.

(9) <u>Under Response No. 9</u>, Incident Report – Supplemental Page, dated June 14, 2011, 9:00 a.m, redacting out second sentence from first paragraph entitled, "Narrative," redacting out second paragraph, entitled "A.D. 217 Section 5B-16f"; and redacting out last two paragraphs, entitled "A.D. 217 Section 5B-8" and "A.D. 217 Section 5B-16d";

(10) <u>Under Response No. 9</u>, Incident Report, dated March 2, 2011, 2:00 p.m. – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(11) <u>Under Response No. 9</u>, Incident Report – Supplemental Page, dated March 2, 2011, 2:21 p.m. – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(12) <u>Under Response No. 9</u>, Incident Report – Supplemental Page, dated March 1, 2011, 2:20 p.m. – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(13) <u>Under Response No. 10</u>, Letter from Warden Scott Semple, dated June 7, 2011, redacting out Bellantoni's home address and Warden Semple's signature;

(14) <u>Under Response No. 10</u>, email dated June 7, 2011, 3:06 p.m. – if defendants wish, they may redact out the names of all DOC employees except Bellantoni;

(15) <u>Under Response No. 18</u>, email dated July 26, 2010, 12:20 p.m.;

(16) <u>Under Response No. 18</u>, email dated July 26, 2010, 3:00 p.m.; and

(17) <u>Under Response No. 18</u>, email dated August 4, 2010, 3:23 p.m.

Unless defense counsel disagrees, in that plaintiff is an inmate proceeding <u>pro se</u>, during the pretrial portion of this litigation, he is only entitled to review the redacted portions of these seventeen documents at an appropriate location within the prison, but is not entitled to retain copies of them.  If plaintiff needs copies of certain documents in the future, such as to oppose defendants' anticipated Motion for Summary Judgment or as exhibits at trial,[4] he may ask defense counsel for copies and if defendants refuse, he may file an appropriate

---

[4]In this ruling, the Magistrate Judge is in no way suggesting that any of these documents may be admissible in opposing summary judgment and/or at trial.  That will be an issue for Judge Arterton to decide in the future.

4

request with the court.[5]

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, these documents will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 25th day of August, 2015.


   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[5] Alternatively, if pro bono counsel ultimately is appointed for plaintiff, then such counsel may have copies of these redacted documents, subject to an appropriate protective order.