IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       :
DEVON SMITH                          :       3:13 CV 971 (JBA)
                                     :
v.                                   :
                                     :
LEO C. ARNONE ET AL.                 :       DATE: JANUARY 19, 2016
-------------------------------------------------------x
```

RULING ON PLAINTIFF'S PENDING MOTIONS (Dkts. ##68-69)

The factual and procedural history behind this litigation has been set forth in considerable detail in this Magistrate Judge's Ruling on Motion to Enlarge/Extend Discovery and Dispositive Motions, filed July 21, 2015 (Dkt. #43)["July 2015 Ruling"][1] and Ruling Following In Camera Review, filed August 25, 2015 (Dkt. #46)(["August 2015 Ruling"].[2] The August 2015 Ruling held that seventeen documents, or portions of documents, were relevant and were to be disclosed (at 3-4), but that because

> plaintiff is an inmate proceeding pro se, during the pretrial portion of this litigation, he is only entitled to review the redacted portions of these seventeen documents at an appropriate location within the prison, but is not entitled to retain copies of them.  If plaintiff needs copies of certain documents in the future, such as to oppose defendants' anticipated Motion for Summary Judgment or as exhibits at trial, he may ask defense counsel for copies and if defendants refuse, he may file an appropriate request with the court.

(At 4-5)(footnotes omitted).  The ruling also noted: "Alternatively, if pro bono counsel ultimately is appointed for plaintiff, then such counsel may have copies of these redacted documents, subject to an appropriate protective order.  (At 4, n.4).

Shortly after this ruling, pro bono counsel was appointed for plaintiff, but such

---

[1]Plaintiff filed an Objection to the July 2015 Ruling.  (Dkt. #44).

[2]Plaintiff also filed an Objection to the August 2015 Ruling.  (Dkt. #53).

appointment recently was terminated. (See Dkts. ##48-50, 65, 75; see also Dkts. ##58-61). Under the latest scheduling order, a telephonic pre-filing conference is scheduled before U.S. District Judge Janet Bond Arterton for February 16, 2016. (Dkt. #76; see also Dkts. ##66, 73).[3]

Plaintiff has filed four motions, two of which are ripe for decision.[4] First, on December 9, 2015, plaintiff filed his Pro Se Motion to Request Court Wa[i]ve Filing Fee to Facilitate the Settlement of this Action (Dkt. #68),[5] and his Pro Se Motion to Compel Discovery (Dkt. #69),[6] regarding the documents that were the subject of the August 2015 Ruling. The next day, Judge Arterton referred these motions to this Magistrate Judge. (Dkt. #70).

Although defendants failed to file a brief in opposition to either motion, plaintiff's Pro Se Motion to Request Court Wa[i]ve Filing Fees to Facilitate the Settlement of this Action (Dkt. #68) is denied, as the Court lacks the authority to do so, as plaintiff is aware from previous settlement discussions before this Magistrate Judge.

With regard to plaintiff's Pro Se Motion to Compel Discovery (Dkt. #69), the instructions from the August 2015 Ruling still stand, namely that because "plaintiff is an inmate proceeding pro se, during the pretrial portion of this litigation, he is only entitled to review the redacted portions of these seventeen documents at an appropriate location within the prison, but is not entitled to retain copies of them." (At 4). If this has not been done

---

[3]In the interim, serious settlement discussions were underway. (Dkts. ##62, 66-67).

[4]The briefing is not complete yet regarding Dkts. ##71-72. (See also Dkt. #74).

[5] Attached is Plaintiff's Statement, dated December 8, 2015, in which he contends that he was unaware of the fact that he still needed to pay the $350 filing fee, despite the settlement.

[6]Plaintiff's Declaration, dated December 8, 2015, is attached.

already, this shall be accomplished **on or before February 8, 2016**, sufficiently prior to the telephonic pre-filing conference before Judge Arterton.  Again, at set forth in the August 2015 Ruling: "If plaintiff needs copies of certain documents in the future, such as to oppose defendants' anticipated Motion for Summary Judgment or as exhibits at trial, he may ask defense counsel for copies and if defendants refuse, he may file an appropriate request with the court."  (At 4-5)(footnotes omitted).

Accordingly, plaintiff's Pro Se Motion to Request Court Wa[i]ve Filing Fee to Facilitate the Settlement of this Action (Dkt. #68) is denied and his Pro Se Motion to Compel Discovery (Dkt. #69) is granted to the extent set forth above.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

This ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**,

Dated at New Haven, Connecticut, this 19th day of January, 2016.

   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge