UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEVON SMITH,<br>    *Plaintiff,*<br>    *v.*<br>LEO C. ARNONE, MARK STRANGE, KIMBERLY WEIR, JOSE FELICIANO, EDWARD MALDONADO, SCOTT SEMPLE, BRIAN BOUFFARD, JAMES DZURENDA, and SMITH,<br>    *Defendants.* | Civil No. 3:13cv971 (JBA)<br><br>May 27, 2016 |

**RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Devon Smith brought this suit against Defendants Leo C. Arnone, Mark Strange, Kimberly Weir, Jose Feliciano, Edward Maldonado, Brian Bouffard, James Dzurenda, and Smith in their individual capacities,[1] alleging violations of his Fourteenth/Fifth and First Amendment rights.[2] Defendants now move [Doc. # 89] for summary judgment on all of Mr. Smith's claims. For the following reasons, Defendants' motion is granted.[3]

---

[1] Plaintiff additionally named Stephen Faucher as a defendant, but the claims against him, as well as all claims against defendants in their official capacities were dismissed in the Initial Review Order [Doc. # 5].

[2] Plaintiff initially also claimed violations of his Eighth Amendment rights and alleged malicious prosecution. However, Plaintiff's counsel has advised the Court and opposing counsel that he does not intend to pursue those claims.

[3] Additionally, Plaintiff's Objection [Doc. # 53] to Magistrate Judge Margolis's Ruling dated August 25, 2015 is OVERRULED. Plaintiff has made no specific showing that Magistrate Judge Margolis's ruling was "overbroad" and "unnecessary," and he has further made no showing that the procedures adopted by Magistrate Judge Margolis were clearly erroneous or contrary to law.

I.      **Discussion**[4]

The parties' familiarity with the factual background of this three-year old case is presumed.[5] Defendants seek summary judgment on five grounds: (1) Plaintiff's due process rights were not violated; (2) Plaintiff's First Amendment rights were not violated; (3) Defendants are entitled to qualified immunity; (4) Plaintiff's complaint is barred by the statute of limitations; and (5) Defendants Arnone, Strange, Dzurenda, Feliciano, and

---

[4] Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted).

"The moving party bears the initial burden of showing why it is entitled to summary judgment." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where, as here, the nonmovant bears the burden of proof at trial, the movant may show prima facie entitlement to summary judgment in one of two ways: (1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings." *Id.* at 272–73 (citing *Celotex*, 477 U.S. at 323). "If the movant makes this showing in either manner, the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "Like the movant, the nonmovant cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment." *Id.* (citing *Celotex*, 477 U.S. at 324; *Matsushita*, 475 U.S. at 586).

[5] These facts are detailed in the Court's Initial Review Order.

2

Maldonado were not sufficiently personally involved to be held liable.[6] (*See* Defs.' Mem. Supp. Mot. Summ. J. [Doc. # 89-1].) Because, as discussed below, the Court holds that no reasonable jury could find for Plaintiff on either his due process claim or his First Amendment claim, the Court does not reach Defendants' other arguments.

### A. Due Process

Plaintiff contends that Defendants deprived him of a state-created liberty interest[7] in not being placed in administrative segregation without due process of law.[8] (*See* Pl.'s Opp'n Mot. Summ. J. [Doc. # 100] at 7–9.) In determining whether a plaintiff has stated a claim for procedural due process violations of the type alleged by Mr. Smith, courts assess "(1) whether the plaintiff had a protected liberty interest in not being confined . . . and, if so, (2) whether the deprivation of that liberty interest occurred without due process of law." *Tellier v. Fields*, 280 F. 3d 69, 80 (2d Cir. 2000) (internal quotation marks omitted). The courts' "determination of whether the plaintiff had a protected liberty interest in not being confined also requires a two-part analysis," in which courts consider (1) "whether the

---

[6] Defendants additionally seek summary judgment on the claims against Defendants in their official capacities. However, as noted above, the Court has already dismissed those claims.

[7] Plaintiff does not argue that there is a constitutionally created liberty interest in not being placed in administrative segregation, nor could he in light of the Supreme Court's holding in *Meachum v. Fano*, 427 U.S. 215 (1976) that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005) (citing *Meachum*, 427 U.S. at 225).

[8] As Defendants note in their Reply [Doc. # 102], Plaintiff's opposition was over a week late and does not fully comply with the Local Rules of Civil Procedure. While the Court is dismayed by Plaintiff's counsel's disregard for the Rules, it will not disregard Plaintiff's briefing, as Defendants urge it to do.

alleged deprivation was atypical and significant"[9] and (2) "whether the state has created a liberty interest by statute or regulation."[10] *Id.* (internal quotation marks omitted).

Plaintiff here alleges that following the filing of the disciplinary report against him, he was immediately transferred to Northern Correctional Institute, a maximum security facility, and placed in administrative segregation. (Compl. ¶ 20.) He asserts that prisoners in administrative segregation are denied "all the privileges normally afforded" them and are unable to earn "good time" credits to "reduce[] the[ir] total effective sentence." (*Id.* ¶ 22.) Additionally, Plaintiff claims that prisoners in administrative segregation "must complete a twelve month program to be removed from that status" and "[t]hen serve another six month probation period" before they are placed back in general population. (*Id.*)

As Defendants note in their reply, however, Plaintiff has offered no evidence in support of any of the above claims (*see* Reply at 4, 7), nor any evidence regarding the amount of time he spent in administrative segregation or where he was placed following his "conviction" of the disciplinary offense. Because Defendants have thus identified an "evidentiary insufficiency" on Plaintiff's part, "the burden shifts to" Plaintiff "to point to

---

[9] "Factors relevant to determining whether the plaintiff endured an 'atypical and significant hardship' include the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions and the duration of the disciplinary segregation imposed compared to discretionary confinement." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (internal quotation marks omitted).

[10] "A state-created liberty interest arises when state statutes or regulations require, in language of an unmistakably mandatory character, that a prisoner not suffer a particular deprivation absent specified predicates." *Vega v. Lantz*, 596 F.3d 77, 83 (2d Cir. 2010) (internal quotation marks omitted).

record evidence creating a genuine issue of material fact." *Salahuddin*, 467 F.3d at 272. "Like the movant, [Plaintiff] cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry [his] burden on summary judgment." *Id*. He has failed to do so here. As such, summary judgment is granted in Defendants' favor on Plaintiff's due process claim.

### B. First Amendment

Plaintiff next argues that Defendants violated his First Amendment rights. In his complaint, he alleged that Defendants did so by denying him "access to the courts, and redress, and the ability to [mount] a defense" (Compl. ¶ 44–45), but in his Opposition, he appears to disavow this claim, instead arguing (somewhat incomprehensibly) that "the injury was to the defense of the false criminal case against him as well as the sham review on appeal." (Opp'n at 12.) He continues: "The First Amendment violation couldn't be more apparent—the individual defendants failed to preserve the video of the service of the [disciplinary report] . . . so as to eliminate any chance Smith could substantiate that [Correctional Officer] Brouffard did not deliver the [disciplinary report] as sworn to." (*Id.*)

"To prove a First Amendment retaliation claim under Section 1983, a prisoner must show that (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). Here, Plaintiff has failed to establish even the first prong of a First Amendment retaliation claim. Notwithstanding his belief that the First Amendment violation "couldn't be more apparent," it is wholly unclear what protected speech or conduct he claims to have engaged in to cause Defendants to retaliate against

5

him. As such, Defendants' motion for summary judgment is granted as to Plaintiff's First Amendment claim.

## II. Conclusion

For the foregoing reasons, Defendants' Motion [Doc. # 89] for Summary Judgment is GRANTED. The clerk is requested to close this case.

IT IS SO ORDERED.

    /s/                               
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of May 2016.